## GREEN vs. RUMSEY.

THIS was an action for *false imprisonment*, tried at the Genesee circuit, in April, 1828, before the Hon. JOHN BIRDSALL, one of the circuit judges.

The plaintiff was arrested by the defendant in the county of *Monroe*, and carried to Batavia, in the county of *Genesee*, where he was kept in close confinement for several days, and then suffered to go at large. The defendant made the arrest by virtue of a warrant issued by a justice of the peace of the county of *Genesee*, charging the plaintiff with having been guilty of, or concerned in the murder of *William Morgan* at Fort Niagara, *in the county of Niagara.* The warrant was directed to any constable of the county of Genesee, and was delivered to the defendant, a constable of that county, who proceeded with the same to the county of Monroe, and there procured it to be endorsed by a justice of the peace of Monroe. The endorsement was in these words : "Whereas proof upon oath hath been made before me, M. C. one of the justices of the peace in and for the county of Monroe, that the name of C. C. to the within warrant is the proper hand writing of the said C. C. the justice of the peace within mentioned, (i. e. the justice who issued the warrant :) I do, therefore, hereby authorise William Rumsey, who brings to me this warrant, and all other persons to whom the said warrant is directed, to execute the same within the said county of Monroe." On the trial of the cause, the defendant objected to evidence of acts done by him in the county of Monroe, insisting that the plaintiff could not give evidence of any acts done out of the county of Genesee, of which county he was an officer, and in which the venue was laid. The objection was overruled, and the evidence received. The plaintiff objected to the reading of the warrant and endorsement thereon ; but the evidence was admitted by the judge in mitigation of damages, not in justification. To the decision that the warrant was no justification, the defendant ex-

A constable or other officer sued for an act done by him is not entitled to the protection of the statute "for the more easy pleading in certain suits," unless the act be done in obedience to the warrant, and within the jurisdiction of the court or magistrate issuing the process.
Where an offender arrested under a warrant *endorsed* in pursuance of the act "for the better apprehending of felons and other offenders," was taken into the county where the magistrate resided who issued the warrant, he not being a justice of the county where the offence was committed, *it was held,* that an action for false imprisonment was properly brought, the officer having neglected to comply with the requirements of the statute.

NEW-YORK, cepted.   The jury found a verdict for the plaintiff for $15
May, 1829. damages, which was now moved to be set aside.

Green
v.
Rumsey.

*G. W. Lay,* for defendant.   The defendant, acting in his
official capacity as a peace officer of the county of Genesee,
and the venue being laid there, the plaintiff should have been
confined in his proof to acts done within that county;  (1 R.
L. 155;) and if so, there can be no question that the war-
rant was an ample justification for all acts done in that coun-
ty, and it becomes unnecessary to discuss the question
whether the defendant was justified, by the endorsement of
the warrant, in arresting the plaintiff in the county of
Monroe.

*C. M. Lee,* for plaintiff.   The true construction of the act
(1 R. L. 155,) under which the defendant objected to proof
of acts done out of the county where the venue is laid, the
action being against him for acts done as a public officer, is,
that if such officer is sued for an act *done in his own county* by
him, and the plaintiff fails in proving the act to have been
done *in* such county, the defendant is entitled to a verdict ;
but if he is sued for an illegal act done *out* of his county, the
statute does not apply, although the venue be laid in the
county of which he is an officer, the action being transitory,
the plaintiff having a right to lay his venue where he thought
proper.
   The warrant was illegal.   The offence was charged to
have been committed in *Niagara,* the warrant was issued by
a justice of *Genesee,* and the defendant was in *Monroe.*   The
warrant could properly be issued only by a justice of the
county where the offence was committed, or where the de-
fendant happened to be.   (1 *Chitty's Crim. Law,* 24.)   The
justice who issued the warrant, therefore, had no jurisdiction
of the matter, and no additional validity was given to it
by the endorsement of it in Monroe.

*By the Court,* MARCY, J.   It is contended on the part of
the plaintiff, that the warrant under which the arrest was
made is void, and that the officer acting under it is not pro-
tected even in what he did in Genesee county, because it

appeared from the face of the warrant that the crime impu- <span>NEW-YORK,</span> ted to the plaintiff was not committed in the county of Gen- <span>May, 1829.</span> esee, of which the magistrate issuing it was a justice. It is <span>Green</span> a general principle that a justice of the peace can only act <span>v.</span> *in* his county and *for* his county, but there are some excep- <span>Rumsey.</span> tions to this rule. Whether the present case comes within either of these exceptions, it is not necessary to decide.

It is further said by the plaintiff, that the arrest in Monroe county was without authority, and the defendant's bringing him without authority into Genesee county, and continuing the imprisonment there, he cannot, under these circumstances, justify the imprisonment, even in Genesee, though the warrant should be considered valid in that county. It is not necessary to decide this question; for if the arrest and imprisonment were not illegal in Monroe, the imprisonment in Genesee was not unlawful; and if the arrest was illegal in Monroe, that is enough to sustain the verdict for the very moderate damages given, if the imprisonment in Genesee could be justified under the warrant.

But it is said by the defendant, that the act done in Monroe should have been excluded from the consideration of the jury, because, under the statute, (1 *R. L.* 155,) he could not be tried in any other county than that in which the act complained of was done. To entitle the defendant to the protection of this statute, he must act in obedience to the warrant. (3 *Burr.* 1767.) He cannot have the benefit of it, if he acts upon a legal warrant beyond the jurisdiction of the court, or magistrate issuing it.

It is contended that the endorsement of the warrant in Monroe county, gave it the same validity there that it had in Genesee. The justice in Monroe did not pursue the directions of the statute. If he had given to the defendant, unaccompanied by the warrant, such a writing as he endorsed upon it, the defendant could not have justified any act under it, nor could he have claimed the benefit of any of the statutes in favor of constables, justices of the peace, and other public officers. He would not have been acting within his

jurisdiction, which was the county of Genesee, nor upon a valid warrant.

It is contended that the endorsement was only a compliance with the second section of the act for the apprehension of felons and other offenders. (1 R. L. 149.) The endorsement directs that to be done which the act does not allow, and so far it is unauthorized, and affords no protection to any person executing the warrant under its authority. But if we consider the endorsement as the mere backing of the warrant allowed by the act, it will not subserve the purpose for which the defendant produced it on the trial. The extent of the defendant's powers under the warrant, after being endorsed by a justice in the county of Monroe, is clearly specified. The constable could, by virtue of it, only arrest the plaintiff, and take him before a justice of the peace of Monroe county, to give bail, if the offence was bailable, or convey him to the county where the offence was committed. This was the authority given to the defendant on the assumption that the warrant was valid and regularly endorsed under the statute. He could have arrested the plaintiff, and conveyed him to a justice of the peace in Monroe, or to one in Niagara, where the offence was alleged to have been committed. He had no authority whatever to carry him to the county of Genesee. He cannot be considered as doing this by virtue of his office as a constable of Genesee, and therefore cannot claim the benefit of the act requiring plaintiffs, when they sue justices and other officers, for acts done by them in virtue of their offices, to lay the venue in the county where the acts are performed.

Motion for a new trial denied.