<hr />

## Brown *vs.* Smith and others.

24b (a) 419
f 69 A D¹415

Where the act of an officer is of such a nature that his office gives him no authority to do it, he is not protected by the section of the statute which requires suits against him to be brought in his own county; but where, in performing an act within the scope of his authority he commits an error, or even abuses the confidence which the law reposes in him, he is still entitled to the protection of the statute.

In determining the question as to the residence of a person owning real estate subject to taxation, assessors act judicially. And when acting judicially, within the scope of their authority, they are not liable to an action, although they err.

Accordingly, where the plaintiff's farm lay partly in the county of Otsego and partly in the county of Herkimer, his residence being in the latter county, and the defendants, assessors of a town in Otsego county, assessed the whole of the farm to him in that county, and upon a warrant issued for the collection of the

tax, the plaintiff's property was taken and sold; *it was held* that no action would lie against the defendants, for such erroneous assessment. *Prosser* v. *Secor,* (5 *Barb.* 607,) overruled.

APPEAL from a judgment of the Herkimer county court. The action was brought by the plaintiff against the defendants, who were the assessors of the town of Plainfield in the county of Otsego, for wrongfully and unlawfully assessing or causing to be assessed the lands of the plaintiff, whereby and in consequence whereof the plaintiff was obliged to pay an illegal tax of about $12. The action was commenced by warrant issued by a justice of the peace of the town of Winfield, Herkimer county, and was tried in that town. The complaint alleged that the defendants were residents and assessors of the town of Plainfield in Otsego county, in 1855, and that as such they wrongfully assessed the farm of the plaintiff in said town of Plainfield, Otsego county, in that year, in consequence of which act the board of supervisors of Otsego county had issued a warrant to the collector of Plainfield, to collect a tax on said farm for the year 1855, and that the collector by virtue of said warrant had taken the personal property of the plaintiff and sold it to collect said tax. The plaintiff claimed to recover of the assessors the value of the same. Two of the defendants were arrested on said warrant, and answered the complaint by admitting that they were assessors of Plainfield as alleged in the complaint, and that they assessed the plaintiff's farm in Plainfield in 1855, and claimed and alleged a right so to assess said farm &c., and denied the plaintiff's claim to recover against them for so doing. The plaintiff's farm, consisting of about 200 acres, lay in the towns of Winfield, Herkimer county, and Plainfield, Otsego county, and the county line between the counties of Herkimer and Otsego, and the town line between the towns of Winfield and Plainfield passed nearly through the centre of the farm. The plaintiff claimed to reside in Winfield and his farm was assessed in Winfield; the defendants claimed that he resided in Plainfield, and assessed his whole farm in Plainfield. On the trial there was some conflicting evidence as to his place of residence, and the justice found that he was a resident of the

Brown *v.* Smith.

town of Winfield. It was proved that a heifer of the plaintiff was levied upon and sold, by virtue of the warrant issued for the collection of the tax. The justice rendered a judgment in favor of the plaintiff, against the defendants Smith and Spicer, for $13.50 damages and $2.51 costs. The defendants appealed to the county court, and relied upon the following grounds for reversing the judgment, viz : 1. That the justice erred in refusing to let the defendants prove by the witness King what the cow sold for. 2. That inasmuch as this was an action against the defendants for an act done by them *by virtue* of their office as assessors, the action was local, and should have been commenced in the county of Otsego, and could not be commenced and tried in the county of Herkimer. (2 *R. S.* 613, § 8, *4th ed. Code*, § 124.) The county court affirmed the judgment of the justice, and the defendants appealed.

*F. Kernan*, for the plaintiff.

—— *Gardner*, for the defendants.

BACON, J. The important question in this case is whether the defendants were not entitled to the protection of the statute which required the suit to be brought within their own county. And this depends upon the question whether the act, to wit, the assessment of the plaintiff's lands, was an act done *virtute officii* or *colore officii*. Where the act of an officer is of such a nature that his office gives him no authority to do it, he is not protected ; but where, in performing an act within the scope of his authority, he commits an error, or even abuses the confidence which the law reposes in him, he is still entitled to the protection of the statute. It is somewhat difficult to preserve the distinction, and the cases consequently are conflicting and cannot all be reconciled.

The farm assessed was situated partly in Plainfield, Otsego county, and partly in Winfield, Herkimer county, and the plaintiff, as the proof stands, was properly taxable in the latter place. As to the land lying in Plainfield, the defendant plainly had jurisdiction of the subject matter, and the point for them to de-

termine was where the defendant resided.   It must be conceded even on the evidence in this case, that this was by no means so clear a matter ; and in determining it, the assessors acted judicially.   And when acting judicially, within the scope of their authority, although they err, they are not liable to an action. ( *Weaver* v. *Devendorf,* 3 *Denio,* 117.   *Vail* v. *Owen,* 19 *Barb.* 22.)   It seems to me a monstrous injustice to hold that where the law casts upon the assessors a duty to perform, and they exercise a judicial function in determining the questions committed to them, they are still liable to a prosecution if it turns out that they mistook that duty, or erred in its performance. The case of *Prosser* v. *Secor,* (5 *Barb.* 607,) which holds assessors liable where they assessed a minister of the gospel, is directly in conflict with *Weaver* v. *Devendorf,* (3 *Denio,* 117 ;) and I prefer the authority of the latter case, while the reasons upon which it is founded seem to me most consonant with what strikes me as the justice of the case.   " The assessors," say the court, " were judges acting clearly within the scope of their authority. They were not volunteers, but the duty was imperative and compulsory, and acting as they did in the performance of a public duty in its nature judicial, they were not liable to an action, however erroneous or wrongful their action may have been."

The case of *Van Rensselaer* v. *Cottrell,* (7 *Barb,* 127,) is founded on the same principle, and holds that where lands are situated within the town 'in which the assessors reside, they have jurisdiction of the subject matter, and however they may err in the performance of their duty respecting its assessment, the error may be corrected in a court of review, but will not render their proceedings void.   (*See also Van Rensselaer* v. *Witbeck,* 7 *Barb.* 133.)

Public officers have responsibilities enough to encounter without unduly straining a point to attach a liability where the law casts a duty upon them which in good faith they attempt to discharge.   I think the judgments of the justice and of the county court should both be reversed.        Judgments reversed.

[JEFFERSON GENERAL TERM, April 7, 1857.   *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]