(*People ex rel. Goodwin* v. *Coler*, 48 App. Div. 492 ; *Eppig* v. *City of New York*, 57 id. 114.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave, however, to the relator to renew the application upon obtaining the statutory certificate.

All concurred, except Goodrich, P. J., absent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave, however, to the relator to renew the application upon obtaining the statutory certificate.

---

James E. J. Murphy, Appellant, *v.* George H. Callan, Respondent.

*Venue, in an action against a public officer for an act done by virtue of his office — what action comes within subdivision 2 of section 983 of the Code of Civil Procedure.*

An action for the conversion of personal property, alleged to belong to the plaintiff, and which the defendant, the collector of taxes in a town, seized by virtue of his office under a tax warrant against a third person, is an action against a public officer for an act done in virtue of his office, and, under subdivision 2 of section 983 of the Code of Civil Procedure, must be tried in the county where the cause of action arose, notwithstanding that the complaint contains nothing indicating that the defendant is or was a public officer.

Appeal by the plaintiff, James E. J. Murphy, from an order of the Supreme Court, made at the Orange Special Term, bearing date the 1st day of June, 1901, and entered in the office of the clerk of the county of Westchester, changing the place of trial of the action from the county of Westchester to the county of Orange.

*Adrian M. Potter,* for the appellant.

*A. H. F. Seeger,* for the respondent.

Willard Bartlett, J. :

The place of trial of this action has been changed, under subdivision 2 of section 983 of the Code of Civil Procedure, upon the

ground that the cause of action arose in the county of Orange, and that the suit is against a public officer for an act done in virtue of his office. The complaint contains nothing indicating that the defendant is or was a public officer. It simply sets out a cause of action for the conversion of two horses alleged to have been unlawfully taken by the defendant from the plaintiff, his agents and servants.

In the answer the defendant avers that at the times mentioned in the complaint he was collector of the town of New Windsor in the county of Orange, and sets out facts which, if true, show that he levied upon and took into his possession the property in question by virtue of his said office of collector and pursuant to a warrant duly issued to him which authorized such action on his part.

The real question to be litigated between the parties seems to be whether the horses thus seized in fact belonged to the plaintiff or to Mrs. Dennis Murphy, the person against whom the defendant was proceeding as collector under the tax warrant.

The Code clearly requires the action to be tried in Orange county if it is to be deemed an action against a public officer for an act done in virtue of his office. (Code Civ. Proc. § 983, subd. 2.) The appellant contends, however, that inasmuch as his suit is a simple action for conversion, without reference to the character in which the defendant assumed to have seized the property, it does not fall within the scope or meaning of the Code provision.

I think this is too narrow a construction of the language of the statute. It would restrict its operation to suits in which the act was rightfully done by the defendant in virtue of his office. I am of the opinion that it has a broader meaning, and includes a suit for any act done in virtue of the defendant's office, no matter how wrongfully; so that the defendant is entitled to have the case tried in the county where the cause of action arose if, being the rightful incumbent of an office, he is assailed for an act which he has assumed to do in his official capacity.

The question is analogous to that which was considered by the Court of Appeals in *Cumming* v. *Brown* (43 N. Y. 514), where RAPALLO, J., said: "The taking by a deputy sheriff, by virtue of an attachment, of property supposed to be the property of the debtor, and the sale of that property under execution, to satisfy the

judgment in the action, are official acts, and if it turns out that the property did not belong to the debtor, and that the deputy sheriff has thereby incurred a liability to the true owner, it is a liability incurred by the doing of an official act." The same learned judge points out that it was formerly held by the Supreme Court that such an act on the part of the sheriff, being a trespass, it was not official; but the Court of Appeals held subsequently that such an act was official, so that the sheriff's sureties would be liable therefor. (*People* v. *Schuyler*, 4 N. Y. 173.)

In *Brown* v. *Smith* (24 Barb. 419) it appeared that the plaintiff owned a farm situated partly in the town of Plainfield, in Otsego county, and partly in the town of Winfield, Herkimer county. He claimed that he was properly taxable only in Herkimer county, and brought suit against the defendants, who were assessors of Plainfield, in Otsego county, for having wrongfully assessed his lands in that town. One of the principal questions in the case was whether the defendants were entitled to have the suit tried in their own county, and as to this the court held that the answer depended upon the question whether the assessment of the plaintiff's lands by the defendants was an act done *virtute officii* or *colore officii*. " Where the act of an officer is of such a nature that his office gives him no authority to do it," said BACON, J., " he is not protected; but where, in performing an act within the scope of his authority, he commits an error, or even abuses the confidence which the law reposes in him, he is still entitled to the protection of the statute."

The case of *Tupper* v. *Morin* (25 Abb. N. C. 398) resembles the case at bar, in that the complaint contained no reference to the defendant's official character. The action was for false imprisonment in a foreign country, and the complaint alleged that the defendant had unlawfully assaulted the plaintiff in the city of Toronto, in Canada, and had unlawfully imprisoned her there without reasonable or proper cause. Upon a motion to vacate an order of arrest and change the place of trial from the county of New York to Erie county, it appeared that the defendant was superintendent of police in the city of Buffalo, and that he sent from there to Toronto, by telegraph, the order under which the plaintiff was arrested without process. " His act, by which the plaintiff was arrested and detained," said Mr. Justice DANIELS, in deciding the motion, " was

done in the city of Buffalo, whose officer, as the superintendent of its police, he is. In that capacity he ordered the plaintiff's arrest. That order was given and repeated at the city of Buffalo. It was an official act. * * * And by sub. 2 of section 983 of the Code of Civ. Pro. an action against a public officer for an act done by him in virtue of his office, must be tried in the county where the cause of action, or some part of it, arose." It appearing, therefore, that the cause of action arose in the city of Buffalo, the motion to change the place of trial from the county of New York to Erie county was granted.

Although this is only a Special Term decision, it was made by a judge of great learning and experience, who was for many years a member of the General Term in the first department, and is, there-fore, to be deemed a valuable guide to the proper construction of the Code provision under consideration.

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.