(114 App. Div. 871)

## PHILIPS v. LEARY.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. ARREST—GROUNDS—SUSPICIOUS ACTIONS.

A police officer has no right to arrest a person merely because he is acting in a suspicious manner.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Arrest, §§ 145, 149.]

2. VENUE—CHANGE—ACTS DONE BY VIRTUE OF OFFICE—FAILURE TO STATE DEFENSE.

Under Code Civ. Proc. § 983, subd. 2, providing that an action against a public officer for an act done by virtue of his office must be tried in the county where the cause of action arose, a motion by defendant in such an action to change the place of trial should not be granted, where the answer does not contain facts sufficient to constitute a defense.

Appeal from Special Term, Dutchess County.

Action by Forest D. Philips against Cornelius Leary. From an order denying a motion to change the place of trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

John F. O'Brien (Theodore Connoly, on the brief), for appellant.
Joseph Morschauser, for respondent.

MILLER, J. The action is for false arrest in the county of New York, and the defendant, a police officer of the city of New York, seeks a change of the place of trial to said county, alleging that he is sued for an act done "in virtue of his office." The complaint makes no mention of the fact that the defendant was such officer, and the justification for the arrest pleaded in the answer is that the plaintiff was acting in a suspicious manner. It is not alleged that the defendant had a warrant, that the plaintiff had committed a crime in his presence, that the plaintiff had committed a felony, or that a felony had been committed and that the defendant had reasonable cause for believing that the plaintiff had committed it (see section 177, Code of Criminal Procedure); nor is it even alleged that the defendant had reasonable ground to believe that the plaintiff had committed or was about to commit a felony. The appellant contends that a police officer in the city of New York has all the powers conferred upon peace officers by statute, and in addition such powers as they possessed at common law before their powers were defined by statute.

It may be conceded that at common law for a crime not committed in his presence a constable could justify an arrest without a warrant showing reasonable ground for believing that the person arrested either had committed or was about to commit a felony, whereas a private individual had to show that a felony had in fact been committed. Burns v. Erben, 40 N. Y. 463; Newman v. N. Y., L. E. & W. R. R. Co., 54 Hun, 335, 7 N. Y. Supp. 560. But it is not pretended that at common law an officer could justify an arrest merely because he thought the person arrested was acting in a suspicious manner. It is unnecessary, therefore, to consider the interesting question presented by the appellant

whether police officers in the city of New York have greater powers than peace officers in other parts of the state.

The only question, then, requiring determination on this appeal, is whether a defendant can claim the benefit of subdivision 2 of section 983 of the Code of Civil Procedure, where the act for which he is sued was confessedly done without any authority whatever. Of course, a defendant need not establish a defense to claim the benefit of said statute, because one may be wrongdoer, through acting in virtue of his office. Murphy v. Callan, 69 App. Div. 413, 74 N. Y. Supp. 1009. The defendant may have acted colore officii, but not virtute officii; for, as said by the learned justice at Special Term:

"When the act of the defendant is of such a nature that his office gives him no authority to do it, it cannot be said that the act was done 'virtute officii.' Brown v. Smith, 24 Barb. 419."

See, also, Green v. Rumsey, 2 Wend. 611.

In any view of the case, the place of trial should not be changed upon an answer which does not contain facts sufficient to constitute a defense.

The motion was properly denied, and the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

GAYNOR, J. (concurring). Some inadvertent judicial utterances got quite far away from the common law in respect of the right of arrest, and a close examination of the older authorities seems to show that section 177 of our Code of Criminal Procedure only restored the safeguarding common-law rule, discarding all loose utterances, instead of changing it. Nor should we even seem to acquiesce, it seems to me, in the suggestion that the police of New York City have any right of arrest not conferred by the Code of Criminal Procedure. Police officials there have assumed too much power already, as the present case only shows again, and on the slightest doubt or hint might assume even more. The old provision of New York city charters (now in section 337 of the present charter [Laws 1901, p. 143, c. 466]) that the members of the police force shall possess "all the common law and statutory powers of constables," refers to the common law for the time being, and as it is changed from time to time. Its re-enactment in the new charter did not enlarge its meaning. It does not refer to the common law before it was changed or defined by statute, and confer all the powers of arrest that were possessed by constables under it, plus all additional powers of arrest (if any) conferred by statute. If the statute has given any additional power, they have it, and if it has taken any away they have lost it. In a word, the charter provision refers to the "law" as it is from year to year, under common and statute law combined and construed together, until the whole subject should be taken unto itself by the Legislature, when the common law would be entirely superseded by statute, which is the case in this state.