CONLEY v. CARNEY et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. VENUE—ACTION FOR—ACTS OF OFFICERS.
Where defendants were sued individually and as assessors of a certain town for illegally and knowingly making an assessment of personal property against plaintiff's assignor, who was a nonresident, and not subject to assessment in such town, such action was for an act done by defendants in their official capacity within Code Civ. Proc. § 983, subd. 2, providing that an action against a public officer, for an act done by virtue of his office or for an omission to perform a duty of his office must be tried in the county where the cause of action or a part thereof arose.

2. OFFICERS—OFFICIAL ACTS.
If a public officer in performing an act within the general scope of his authority commits an error, or even abuses the confidence which the law reposes in him, he is nevertheless still acting virtute officii.

Appeal from Special Term, Kings County.

Action by Jefferson B. Conley against Frank Carney and others individually and as assessors of the town of Hague, Warren county, N. Y. From an order denying defendants' motion for a change of place of trial, they appeal. On reargument. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Charles M. Russell, for appellants.

Albert A. Wray, for respondent.

HOOKER, J. The complaint alleges that the defendants were the assessors of the town of Hague, in the county of Warren; that the plaintiff's assignor, Wray, was a nonresident of the town of Hague, and resided in the state of New Jersey, and that she was not the owner of any personal property legally liable to taxation in the town of Hague; that in the month of July, 1906, the defendants, knowing that she was not a resident of that town, and was not subject to taxation upon personal property therein, placed her name upon the assessment roll of said town, and entered against her name upon the said roll an assessment of $20,000 upon personal property, and subsequently verified, filed, and delivered the assessment roll to the supervisor of the said town of Hague; that, by reason of the unlawful act of the defendants, a tax against her upon her personal property was levied, and she became obligated to and did pay the same to the tax collector, with additions for interest and costs of collection, and, after alleging the assignment of the cause of action to the plaintiff, it demands judgment against the defendants for the damages sustained. Defendants demanded that the place of trial be changed to the proper county, namely, the county of Warren. The demand was ignored. Defendants moved for the change of the place of trial, and the motion was denied.

In our opinion the order should be reversed and the motion granted. Section 983 of the Code of Civil Procedure provides:

"An action, for either of the following causes, must be tried in the county, where the cause of action, or some part thereof, arose.  *  *  *  (2) Against a public officer, or a person specially appointed to execute his duties, for an

act done, in virtue of his office, or for an omission to perform a duty, incident to his office."

The sole question presented by this appeal is whether this action is one against public officers done in virtue of their office. We think that the act of assessing the property of the plaintiff's assignor was done in virtue of the defendants' office as assessors. In Cumming v. Brown, 43 N. Y. 514, it was held that a seizure by the sheriff under an attachment of property supposed to be that of the debtor was an act in the sheriff's official capacity as that language was used in subdivision 1 of section 92 of the Code of Procedure of 1862 which provided a short statute of limitations, and that an action of conversion against the sheriff by a third person claiming the property attached must be brought within the three-year limitation mentioned in that subdivision. In Murphy v. Callan, 69 App. Div. 413, 74 N. Y. Supp. 1009, the Cumming Case was cited. There the provisions of subdivision 2 of section 983 of the Code of Civil Procedure were under discussion, and it was held that an action for the conversion of personal property claimed by the plaintiff, which the defendant as collector of taxes of a town had seized under a tax warrant against a third person, is an action against a public officer for an act done in virtue of his office, and must be tried pursuant to the provisions of subdivision 2 of section 983 of the Code of Civil Procedure in the county where the cause of action arose.

The test seems to be that if a public officer, in performing an act within the general scope of his authority, commits an error or even abuses the confidence which the law reposes in him, yet he is still acting virtute officii. Brown v. Smith, 24 Barb. 419; Philips v. Leary. 114 App. Div. 871, 100 N. Y. Supp. 200. That is this case. The action of the defendants in making the assessment was not one which the nature of their office gave them no authority to perform, and in this view it seems to be even clearer that the act of the defendants was done in virtue of their office than was the act of the defendant in the Murphy Case, for any one might be guilty of conversion of personal property, whether he was a collector of taxes or a private individual, but no one in the ordinary course of events would assume to make an assessment of personal property, verify, file, certify, and deliver an assessment roll to the supervisor, unless he was a qualified assessor. The making of the assessment was within the scope of the defendants' authority, and done in virtue of their office. The defendants have not answered, and, in any event, the merits of the controversy do not find a proper place for discussion in the consideration of the appeal now before us.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

Order reversed on reargument, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.