(61 App. Div. 341.)

HANKINS v. HANFORD et al.

(Supreme Court, Appellate Division, Third Department.   May 21, 1901.)

1. VENUE—CHANGE—LIABILITY FOR OFFICIAL ACTS—PLACE OF TRIAL.
    Where a justice of the peace was sued in another county for wrongful
    acts done under color of his office in his own county, he had a right to a.
    change of venue to the county of his residence.

2. SAME—WITNESSES—CONVENIENCE.
    Where the papers on a motion for change of venue show that all mate-
    rial witnesses reside in the county to which the change is desired, a
    change will be granted for the convenience of such witnesses.

Appeal from special term, Chemung county.

Action by Frank R. Hankins against Nathan Hanford and Mon-
mouth H. Ingersoll.   From an order denying a change of venue, de-
fendants appeal.   Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
SMITH, and CHASE, JJ.

Alfred S. Robinson and George B. Davis, for appellants.
Knapp & O'Connell, for respondent.

KELLOGG, J.   The complaint in this action does not disclose the
plaintiff's place of residence at the time the action was commenced.
The answer alleges that both plaintiff and defendants resided, at the
time of the arrest complained of, in the village of Ithaca, Tompkins
county.   The plaintiff, in his affidavit opposing the motion for change
of venue, states that he then was a resident of Elmira, Chemung
county.   It would appear that he became a resident of Elmira some
time after the arrest, and presumably after the action was brought.
The principal grounds urged for a change of venue are:   First, that
one of the defendants is a public officer residing in Ithaca, and the
wrongful acts charged were done in Ithaca, and done under color of
his office as justice of the peace;   second, that the convenience of
witnesses requires the change.   On both grounds I think the appel-
lants' contention should prevail.   The answer alleges that the lar-
ceny charged was committed in Tompkins county, and outside the
limits of the village of Ithaca, and that the justice had jurisdiction
to issue the warrant of arrest.   There seems to be no question but
that this public officer had a right to invoke the provision of law
which permits him to demand trial for this alleged wrong in the
county where he resides.   People v. Hayes, 7 How. Prac. 248;   Tup-
per v. Morin (Sup.) 12 N. Y. Supp. 310.   The affidavit opposing the
change shows all the witnesses known to plaintiff in Elmira or outside
Tompkins county to be those who can testify to the fact that plaintiff
was there placed temporarily in jail for a few hours, awaiting trans-
poration to Ithaca.   These facts are probably undisputed, and can,
in any event, be established fully by plaintiff and the officer residing
in Ithaca who had him in custody.   It is apparent from the papers
that all the material witnesses on both sides reside in Tompkins
county.

70 N.Y.S.—28

For the reasons stated, the order should be reversed, with $10 costs and disbursements, and the motion to change the place of trial from Chemung to Tompkins county should be granted, with $10 costs. All concur.