METROPOLITAN BY-PRODUCTS COMPANY, INC., Appellant, *v.* CALVIN D. VAN NAME and Others, Respondents, Impleaded with WILLIAM G. WILLCOX and Others, Defendants.

First Department, February 23, 1917.

**Trial — venue of action for conspiracy.**

An action to recover damages alleged to have been sustained by the plaintiff as the result of a conspiracy entered into by the president of the borough of Richmond and others for the purpose of preventing an award to the plaintiff's assignors of a valuable contract with the city of New York for the removal and disposal of garbage, and the preventing of the carrying out of said contract, it appearing that the alleged unlawful acts charged against the borough president are not official acts, must be tried within the county in which one of the parties reside, as provided by section 984 of the Code of Civil Procedure, and is not governed by section 982 or subdivision 2 of section 983.

APPEAL by the plaintiff, Metropolitan By-Products Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of October, 1916, granting respondents' motion for a change of venue, and also

from an order entered in said clerk's office on the 4th day of November, 1916, denying plaintiff's motion to resettle the prior order.

*Frederick T. Kelsey,* for the appellant.

*Francis F. Leman,* for the respondents.

Davis, J.:

This action was brought to recover damages alleged to have been sustained by the plaintiff as the result of a conspiracy entered into by the defendants.   The purpose of the conspiracy is alleged to have been the preventing of an award to plaintiff's assignors of a valuable contract with the city of New York for the removal and disposal of garbage, and the preventing, both before and after the assignment of the contract to the plaintiff, of the carrying out of said contract.   Upon the application of the defendants Van Name, Merrell and Mills, the court at Special Term made an order changing the place of trial from New York county to Richmond county.   In his moving affidavit the defendant Van Name alleges that he was a public officer, to wit, president of the borough of Richmond; that his office and residence are in Richmond county, and that the plaintiff's causes of action are founded on defendant's acts in his official capacity as such president.

In granting the motion the learned court said: " The defendant Van Name as a public officer residing in and having his office in Richmond county is entitled to this relief as a matter of right."

It is quite manifest that the place of trial was changed because in the view of the court the damages were claimed as the result of defendant Van Name's acts as president of the borough of Richmond.   The Code of Civil Procedure (§ 983, subd. 2) provides that an action " against a public officer * * * for an act done, in virtue of his office, * * *" "must be tried in the county where the cause of action, or some part thereof, arose."   But an examination of the complaint herein will show that the alleged unlawful acts charged against Van Name are in no sense official acts, and, therefore, it is not a case for the application of subdivision 2 of section

983 of the Code of Civil Procedure (*supra*). Nor does the case come within the provisions of section 982. It is a cause clearly within section 984 of the Code of Civil Procedure, and must be tried within the county in which one of the parties resided at the commencement of the action. At the time of the commencement of this action the plaintiff's place of residence was in the county of New York. This appears from the complaint, in which it is alleged that plaintiff has an office and principal place of business at No. 52 Vanderbilt avenue, New York city, and from the certificate of incorporation which designates the county of New York as its principal place of business. The action was thus begun in the proper county and there was no authority for changing the place of trial to Richmond county.

The order changing the place of trial should be reversed, with ten dollars costs and disbursements, and the motion for a change of venue denied, with ten dollars costs, and the order denying the motion to resettle the order affirmed.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; order denying motion to resettle affirmed.