EMIL L. DEDEK, Plaintiff, *v.* THOMAS McNARY et al., Defendants.

Supreme Court, Special Term, Broome County, November 24, 1948.

*Lusk, Buck & Folmer* for Roy McMaster, defendant.

*Harry S. Travis* for plaintiff.

O'CONNOR, J. This is an action by the plaintiff against the defendants to recover damages for a false arrest of the plaintiff by the defendants. The defendant McNary swore to and filed an information with the defendant McMaster, a Justice of the Peace in Cortland County, charging one " John Doe " with having committed the crime of grand larceny in the first degree. McMaster thereupon issued an alleged illegal warrant of arrest for one " John Doe ". The warrant was sent to the Binghamton Police Department and the plaintiff was arrested by the Binghamton Police in the city of Binghamton, New York, under the warrant issued by McMaster. Thereafter a writ of habeas corpus was issued upon behalf of the plaintiff and the writ was sustained upon the ground that said warrant was issued upon a wholly defective and insufficient complaint. This action is brought by the plaintiff against the defendants for damages by reason of said alleged false arrest. The venue was laid in Broome County. The defendant McMaster now moves for a change of venue to the county of Cortland. Plaintiff is and at all times was a resident of Broome County.

On August 19, 1948, the same day that he was arrested, a writ of habeas corpus for his release was granted and sustained, after argument on September 11, 1948, by Supreme Court Justice William H. Coon. The order sustaining that writ is now on appeal to the Appellate Division.

Mr. Justice Coon rendered a decision stating that he was satisfied upon the authority of the *People ex rel. Perkins* v. *Moss* (187 N. Y. 410) that the writ was a proper remedy under the circumstances; ruled that the information was clearly insufficient; that therefore the magistrate had no jurisdiction to issue the warrant: that the relator was illegally restrained when the writ was issued, and sustained the writ.

On or about September 16, 1948, the Grand Jury of Cortland County rendered to the Supreme Court a sealed indictment charging the plaintiff herein with having committed the crime of grand larceny, first degree, based upon the very same charges that led to the initial issuance by the defendant McMaster of the warrant of arrest for one " John Doe ".

Section 184 of the Civil Practice Act provides that an action in Supreme Court and against a public officer, or a person especially appointed to execute his duties, for an act done by virtue of his office must be tried in the county where the cause of action, or some part thereof, arose. If the plaintiff had been arrested in the county of Cortland the place of trial would have to be changed to Cortland County. The actual arrest and initial detention of the plaintiff in this action occurred in the city of Binghamton, Broome County, New York, because no such cause of action could arise unless and until an arrest was made. A portion of said cause of action, under any construction of the statute, actually arose in the county of Broome based upon the arrest in said county and the detention of the plaintiff therein. (*Ellis* v. *Baker,* 62 App. Div. 542.)

We cannot agree with the plaintiff's contention that the alleged unlawful acts charged against McMaster were in no sense official acts and, therefore, this is not a case for the application of subdivision 2 of section 184 of the Civil Practice Act as held in *Metropolitan By-Products Co., Inc.,* v. *Van Name* (176 App. Div. 545). The warrant was issued by the defendant McMaster upon information filed with him by the defendant McNary.

The case of *Hankins* v. *Hanford* (61 App. Div. 341) is not in point as both the plaintiff and defendants resided at the time of the arrest complained of in the city of Ithaca, Tompkins County, and it was apparent from the papers that all the material witnesses on both sides resided in Tompkins County. The other cases cited by the defendant's attorney are not in point because section 184 provides that the action must be tried in the county where the cause of action, or some part thereof, arose. The warrant for the arrest of the plaintiff was executed and plaintiff

detained in Broome County. Hence, a part of the cause of action arose in that county. Many of the other cases cited by the defendant's attorney are those in which the entire cause of action arose in the county of the residence of the police officer against whom the action was brought.

The motion of the defendant McMaster to have the place of trial of this action changed from the county of Broome to the county of Cortland is denied with $10 costs.

Submit order accordingly.