CASE 82—JURISDICTION—JANUARY 10, 1885.

# Mitchell v. Ripy, &c.

### APPEAL FROM MARION CIRCUIT COURT.

A warrant of arrest was issued in Anderson county, directed to the sheriff of Marion for appellant's arrest. He was arrested and imprisoned in the latter county.

1. *Held*—The suit for false imprisonment was properly brought in Marion county.
2. There was no proof against appellees, Ripy and Cohen.

RUSSELL & RUSSELL, SAM'L AVERITT AND HILL & RIVES FOR APPELLANT.

1. The court had jurisdiction of the case inasmuch as the injury was committed in Marion county.
2. The court erred in giving a peremptory instruction. Both plaintiff and defendants had presented all their proof. (Preston v. Roberts, 12 Bush, 570; Civil Code, sections 126, 134, 124; Thompson v. Thompson, 17 B. M., 28; United Society of Shakers v. Underwood, 11 Bush, 276; Trotter v. Sanders, 7 J. J. Mar., 321; Slaughter v. Morgan, 1 Met., 29; Stephens v. Brook, 2 Bush, 138; Criminal Code, section 31; Session Acts of 1880, page 171; Vredenbergh v. Hendricks, 17 Barb., 179; Cody v. Adams, 7 Gray, 59; Smith v. Bouchier, 2 Str., 993; Painter v. Ives, 4 Neb., 122.)

Mitchell v. Ripy, &c.

P. B. THOMPSON FOR APPELLEES.

1. The Marion Circuit Court had no jurisdiction of the case. Neither of the appellees resided in that county. and all were served with process in Anderson. (Civil Code. section 74.)

2. There was absolutely no evidence against either of appellees, and the peremptory instruction for them was correct. (1 Mar., 224; 4 J. J. Mar., 629; 9 Bush, 740; 1 Met., 240; Litt. Sel. Cases, 7; 3 J. J. Mar., 298; 13 Bush, 222.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellant against appellees, Ripy, Cohen and Edwards, to recover for false imprisonment.

It is alleged in the petition that by the advice and procurement of Ripy, appellees, confederating together, maliciously and without probable cause and with force, seized and confined appellant in the county of Marion from the fifteenth to the seventeenth of February, and continued the arrest and false imprisonment by taking him against his will to the county of Anderson, and there continuing said false imprisonment until the twenty-first of February, when he was released.

It appears from the evidence that on the —— day of February appellee, Edwards, made an affidavit before the judge of the Anderson County Court, in substance, that he had reasonable grounds to believe that appellant had been guilty of a felony, in Anderson county, committed by conspiring to burn the distillery of T. B. Ripy and murder him, and that one Martin Sams, W. Landrum and J. W. Mitchell were also guilty; and thereupon, a warrant for the arrest of appellant was issued, directed to any peace officer, marshal, policeman, constable or sheriff of the Commonwealth, and placed in the hands of the sheriff of Anderson county, but he was not found in that county.

On the fifteenth of the month appellee, Cohen, sent a telegram directed to the marshal of Lebanon or sheriff of Marion county, where appellant then resided, directing them to arrest and hold him, charged with attempted murder and arson. And on the seventeenth another was sent to the marshal who had arrested appellant, directing that he be brought to Anderson county.

Appellant being brought before the police judge of Lebanon, an order, based on the two telegrams, was made directing him committed to the custody of the marshal, and by him carried to the county of Anderson and there delivered to some magistrate, to be dealt with according to law. And in pursuance of that order he was taken before an examining court of that county for trial, but, no evidence being offered against him by the Commonwealth, he was discharged from custody.

Upon the conclusion of the evidence in this case by the plaintiff, a motion was made for a peremptory instruction to the jury to find for the defendant, which was overruled. But at the conclusion of the evidence of the whole case, the motion for a peremptory instruction being renewed was sustained by the court, and a verdict and judgment rendered for all the defendants.

There is no evidence in the record showing or conducing to show that appellee, Ripy, advised or aided in procuring the warrant for the arrest of appellant, or in sending the telegram to Lebanon that caused him to be arrested, or did any thing directly or indirectly to have him arrested and imprisoned.

Appellee, Cohen, was at the time county attorney for the county of Anderson, and did nothing more in caus-

ing the arrest and imprisonment than to prepare the affidavit, at the request of the person making it, upon which the warrant was issued by the county judge, and to send the telegrams mentioned to Lebanon.

There is no evidence whatever that he did any thing except in good faith and in his official capacity as county attorney.

The affidavit required by law in such cases having been made by another person, it was his duty to advise and procure a warrant for the arrest of appellant, and we are not prepared to say that his action, in sending the telegrams to Lebanon, was outside his official duty. Certainly there is no evidence showing or conducing to show he caused the arrest and imprisonment of appellant maliciously and without probable cause.

Therefore, as there was no evidence on the trial to sustain a verdict in favor of appellant against appellees, Ripy or Cohen, he was not prejudiced by the instruction of the court so far as it affected them.

But as it appears from the evidence that appellee, Edwards, made the affidavit upon which the warrant was issued that caused the arrest and imprisonment of appellant, and as no evidence whatever was produced at the examining trial, showing any ground for the affidavit, it should have been left to the jury to say whether or not, from all the evidence before them, he caused the arrest and imprisonment maliciously and without probable cause. As to him, therefore, the court erred in giving the peremptory instruction.

This action having been commenced and tried in the Marion Circuit Court, a question of jurisdiction is presented for our decision.

Section 74, Civil Code, by which the question is to be determined, is as follows : "Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a person residing in this State, must be brought in the county in which the defendant resides, or *in which the injury is done.*"

As all the defendants resided in the county of Anderson, when the action was brought, the jurisdiction of the Marion Circuit Court depends upon the meaning of the words "in which the injury was done."

In determining this question the first and most natural inquiry that arises is, for what injury to the person of the plaintiff was this action brought?

The affidavit was made and the warrant for the arrest was issued in the county of Anderson. But it is clear that if nothing more had been done, the plaintiff could not have maintained this action in any court.

The personal injury of which the plaintiff complains, and for which this action was brought, is his arrest and imprisonment. That was accomplished—*done* in Marion county.

The action is against defendants, who, it is alleged, maliciously and without probable cause procured the warrant of arrest to issue, by means of which the injury complained of was done ; and, in our opinion, the jurisdiction of such an action is, in the meaning of the Code, no more determined by the county in which the criminal law may be wrongfully put in motion, than it is controlled in an action for assault and battery, by the place where a conspiracy may be hatched to accomplish the beating or wounding.

Necessarily, every injury to the person, accompanied with force, must be done at the place where the person is at the time of the injury.

Wherefore the judgment is reversed and cause remanded for a new trial as to appellee, Edwards, and affirmed as to appellees, Ripy and Cohen.