### TUPPER *v.* MORIN.

*(Supreme Court, Special Term, New York County.    October 20, 1890.)*

1. SUPREME COURT—JURISDICTION—INJURY DONE WITHOUT THE STATE.
    The supreme court of New York has jurisdiction of an action by one resident against another for causing the wrongful arrest and imprisonment of plaintiff in a foreign country.

2. ARREST IN CIVIL CASES—ACTION FOR FALSE IMPRISONMENT—VACATING ORDER.
    Where it does not clearly appear from the affidavits used on a motion to vacate an order of arrest of defendant in an action for false imprisonment of plaintiff on a criminal charge that defendant had reasonable grounds for believing that plaintiff was the person who committed the crime, the motion to vacate will be denied, and the question will be left to be determined at the trial.

3. VENUE IN CIVIL CASES—ACTION AGAINST PUBLIC OFFICERS.
    In an action for false imprisonment it appeared that defendant, as chief of police of the city of Buffalo, sent a telegram to a city in a foreign country, pursuant to which plaintiff was arrested. *Held*, that part of the cause of action arose in Buffalo, within Code Civil Proc. N. Y. § 983, subd. 2, providing that an action against a public officer for an act done by him by virtue of his office must be tried in the county where the cause of action, or some part of it, arose.

At chambers.    Action by Edith S. Tupper against Martin Morin for damages caused by the arrest of plaintiff in the city of Toronto, province of Ontario, on a criminal charge, pursuant to a telegram sent by defendant as chief of police of the city of Buffalo.    Defendant now moves to vacate an order of arrest heretofore granted, and to change the place of trial from New York county to Erie county, in which the city of Buffalo is situated.

*A. C. Wade,* (*Cook, Fisher & Wade,* attorneys,) for plaintiff.    *Tracy C. Becker,* for defendant.

DANIELS, J.    There can be no serious cause for doubting the jurisdiction of this court over this action, either as one for false imprisonment or malicious prosecution.    The facts, if the defendant's liability shall be maintained, will probably warrant its characterization as false imprisonment.    It is not within the rule mentioned in *Burdick* v. *Freeman,* 46 Hun, 138,[1] or either of the authorities supposed to apply to it; for in this action the plaintiff resides in the city of New York, and the defendant in the city of Buffalo. If jurisdiction over the action should be declined, then the plaintiff would be practically without redress against the defendant, for there is no reason for

[1] See note post, 312.

believing that she could obtain service of process upon him in the province of Ontario, where, under his directions, she was arrested and for the time imprisoned. It is not the case of non-residents of the state bringing and contesting an action here for a wrong committed beyond the territorial limits of the state; for here both parties reside within the state, and are amenable to its laws, and the party injured by the act of the other has the right to appeal to those laws for redress. In addition to that, the act of the defendant was committed within this state, which produced the plaintiff's arrest and detention. No authority has been found doubting the jurisdiction of this court over such an action, and there is no principle sustaining the propriety of such a doubt. But the conclusion is fully warranted that the court not only has jurisdiction, but, in addition to that, it has no power to disclaim it.

The plaintiff was arrested in the city of Toronto for a felony committed in the city of Buffalo. The arrest was made without process, and wholly upon information proceeding from the defendant. The orders to arrest her were sent by telegraph, and were positive in their nature. And those positive orders were repeated, after some evidence of the identity of the person had disappeared. She was not the felon, but in a strange city, alone, and in the nighttime, she was arrested for the crime of another, in which she was not only not a participant, but knew nothing whatever of its commission, or the person who committed it. This was an unwarrantable interference with her personal liberty, and should not have been ordered without very satisfactory evidence against her. The defendant claims to have been supplied with that degree of evidence. But the fact that he was, or that he acted with that degree of caution which is due to the liberty or security of an innocent person, is not so clearly established as to justify an order vacating the order for his arrest in this action for damages. An officer may make or direct the arrest of a person for a felony without a warrant. But to escape liability for making an unfounded arrest he must be able to excuse himself by proof that he had reasonable cause for believing that the person arrested had committed the crime. Code Crim. Proc. § 177, subd. 3. Whether in this case the defendant had that cause for belief cannot be determined in his favor upon the affidavits used upon this motion. And, where that is the nature of the proof, the tribunal where the controverted subject is to be determined is that at which the trial of the issue is regularly to take place. Upon neither ground, therefore, can the order of arrest be vacated.

But on the other branch of the motion the defendant is entitled to succeed. His act, by which the plaintiff was arrested and detained, was done in the city of Buffalo, whose officer, as the superintendent of its police, he is. In that capacity he ordered the plaintiff's arrest. That order was given and repeated at the city of Buffalo. It was an official act, (*People* v. *Schuyler*, 4 N. Y. 173, 181;) and by subdivision 2, § 983, Code Civil Proc., an action against a public officer, for an act done by him in virtue of his office, must be tried in the county where the cause of action, or some part of it, arose. This cause of action is within this section, for some part of it did arise in the city of Buffalo. That consisted of the orders for the plaintiff's arrest, and they were given at that place. And as no objection to the demand, or the time when, in reference to its service, the motion has been made, the place of trial must be changed from the county of New York to the county of Erie. The same result will likewise follow from the affidavit and stipulation as to the residences of the witnesses. The preponderance is in the county of Erie, where the cause of action, or at least a substantial part of it, arose; and for that reason, also, the defendant is entitled to have the place of trial changed to that county. The suggestion that an impartial trial will not be obtained there has no foundation. The population of the county, and the extent of area from which the jurors will be drawn, are sufficient at once to dispel this suspicion. But, as already stated, the motion to discharge the order of ar-

rest will be denied, and the motion to change the place of trial will be sustained, and the place of trial changed from the county of New York to the county of Erie, and the costs of the motion will abide the result of the action.