## MURPHY v. CALLAN.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

PLACE OF TRIAL—ACTION AGAINST AN OFFICER.
     An action for conversion, though not referring to the character in which defendant assumed to act when taking possession of the property, if against an officer who took possession, however wrongfully, by virtue of his office, under a warrant duly issued, must be tried in the county where the cause of action arose, as required by the direct provisions of Code Civ. Proc. § 983, subd. 2.

Appeal from special term, Westchester county.

Action by James E. J. Murphy against George H. Callan. From an order changing the place of trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Adrian M. Potter, for appellant.
A. H. F. Seeger, for respondent.

WILLARD BARTLETT, J. The place of trial of this action has been changed, under subdivision 2 of section 983 of the Code of Civil Procedure, upon the ground that the cause of action arose in the county of Orange, and that the suit is against a public officer for an act done in virtue of his office. The complaint contains noth-

ing indicating that the defendant is or was a public officer. It simply sets out a cause of action for the conversion of two horses alleged to have been unlawfully taken by the defendant from the plaintiff, his agents and servants. In the answer the defendant avers that at the times mentioned in the complaint he was collector of the town of New Windsor, in the county of Orange, and sets out facts which, if true, show that he levied upon and took into his possession the property in question by virtue of his said office of collector, and pursuant to a warrant duly issued to him which authorized such action on his part. The real question to be litigated between the parties seems to be whether the horses thus seized in fact belonged to the plaintiff or to Mrs. Dennis Murphy, the person against whom the defendant was proceeding as collector under the tax warrant. The Code clearly requires the action to be tried in Orange county, if it is to be deemed an action against a public officer for an act done in virtue of his office. Code Civ. Proc. § 983, subd. 2. The appellant contends, however, that inasmuch as his suit is a simple action for conversion, without reference to the character in which the defendant assumed to have seized the property, it does not fall within the scope or meaning of the Code provision. I think this is too narrow a construction of the language of the statute. It would restrict its operation to suits in which the act was rightfully done by the defendant in virtue of his office. I am of the opinion that it has a broader meaning, and includes a suit for any act done in virtue of the defendant's office, no matter how wrongfully; so that the defendant is entitled to have the case tried in the county where the cause of action arose, if, being the rightful incumbent of an office, he is assailed for an act which he has assumed to do in his official capacity. The question is analogous to that which was considered by the court of appeals in Cumming v. Brown, 43 N. Y. 514, where Rapallo, J., said:

"The taking by a deputy sheriff, by virtue of an attachment, of property supposed to be the property of the debtor, and the sale of that property under execution to satisfy the judgment in the action, are official acts; and if it turns out that the property did not belong to the debtor, and that the deputy sheriff has thereby incurred a liability to the true owner, it is a liability incurred by the doing of an official act."

The same learned judge points out that it was formerly held by the supreme court that, such an act on the part of the sheriff being a trespass, it was not official; but the court of appeals held subsequently that such an act was official, so that the sheriff's sureties would be liable therefor. People v. Schuyler, 4 N. Y. 173.

In Brown v. Smith, 24 Barb. 419, it appeared that the plaintiff owned a farm situated partly in the town of Plainfield, in Otsego county, and partly in the town of Winfield, Herkimer county. He claimed that he was properly taxable only in Herkimer county, and brought suit against the defendants, who were assessors of Plainfield, in Otsego county, for having wrongfully assessed his lands in that town. One of the principal questions in the case was whether the defendants were entitled to have the suit tried in their own county, and as to this the court held that the answer depended upon the

question whether the assessment of the plaintiff's lands by the defendants was an act done virtute officii or colore officii. "Where the act of an officer is of such a nature that his office gives him no authority to do it," said Bacon, J., "he is not protected; but where, in performing an act within the scope of his authority, he commits an error, or even abuses the confidence which the law reposes in him, he is still entitled to the protection of the statute."

The case of Tupper v. Morin, 25 Abb. N. C. 398, 12 N. Y. Supp. 310, resembles the case at bar in that the complaint contained no reference to the defendant's official character. The action was for false imprisonment in a foreign country, and the complaint alleged that the defendant had unlawfully assaulted the plaintiff in the city of Toronto, in Canada, and had unlawfully imprisoned her there, without reasonable or proper cause. Upon a motion to vacate an order of arrest, and change the place of trial from the county of New York to Erie county, it appeared that the defendant was superintendent of police in the city of Buffalo, and that he sent from there to Toronto, by telegraph, the order under which the plaintiff was arrested without process. "His act, by which the plaintiff was arrested and detained," said Mr. Justice Daniels in deciding the motion, "was done in the city of Buffalo, whose officer, as the superintendent of its police, he is. In that capacity he ordered the plaintiff's arrest. That order was given and repeated at the city of Buffalo. It was an official act. And by subdivision 2 of section 983 of the Code of Civil Procedure an action against a public officer for an act done by him in virtue of his office must be tried in the county where the cause of action, or some part of it, arose." It appearing, therefore, that the cause of action arose in the city of Buffalo, the motion to change the place of trial from the county of New York to Erie county was granted. Although this is only a special term decision, it was made by a judge of great learning and experience, who was for many years a member of the general term in the First department, and is therefore to be deemed a valuable guide to the proper construction of the Code provision under consideration.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.