THE GRAND LODGE OF THE INDEPENDENT ORDER OF ODD FELLOWS OF THE STATE OF KANSAS v. JAMES A. TROUTMAN et al.

No. 14,391.    (84 Pac. 567.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Testing Sufficiency of a Pleading*. A motion to strike a pleading from the files is not an appropriate method of testing its sufficiency.

2. —— *Petition — Amendment — Motion to Strike from the Files*. Such a motion may be used to eliminate an amended pleading which is a mere repetition of one held defective on demurrer, but where leave has been granted to amend a petition, and an amendment is made which sets forth additional facts, as well as a fuller and more explicit statement of the facts alleged in the original petition, and the amendment is apparently made in a *bona fide* effort to state a cause of action and meet the objections made to the original petition, a motion to strike the amended petition from the files because of sameness to the original petition will not lie.

Error from Osage district court; ROBERT C. HEIZER, judge. Opinion filed February 10, 1906. Reversed.

*Waggener, Doster & Orr,* and *Pleasant & Pleasant,* for plaintiff in error.

*Troutman & Stone,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The striking from the files of an amended petition is the subject of the complaint in this proceeding. The plaintiff brought a suit seeking to charge what is known as the DeBoissiere estate, which had been acquired by the defendants, with a lien for an indebtedness of DeBoissiere to one Sears which had been assumed and paid by the plaintiff. The defendants demurred to the petition on four grounds, viz.: (1) That the plaintiff did not have legal capacity to sue; (2) that there was a defect of parties defendant; (3) that several causes of action were improperly joined; (4) that the petition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, but whether upon one or all of the grounds was not stated. The plaintiff did not stand on the ruling, but asked and obtained leave to file an amended petition. In due time an amended petition was filed, containing two counts, but the second count was dismissed by plaintiff and the first was stricken out by the court on the ground that it contained the same matters and things as the original petition, to which a demurrer had been sustained.

There is reason to complain of this ruling. A motion to strike from the files is not an appropriate test of the sufficiency of a pleading, or a proper method of ending a *bona fide* controversy. It may be used to get rid of a frivolous amendment or pleading, but the amended petition in question is hardly open to that objection. If an amended pleading were a mere repetition of the original one the court might assume that the amendment was not made in good faith and strike it from the files. The amendment in question, however, is not of that character, and does not indicate a purpose on the part of the pleader to trifle with the court. Whatever may have been the defect found in the original petition, it was one which the court determined could be reme-

died by amendment, as it appears that leave was granted to amend.

Under the code great liberality is allowed in the amending of pleadings, the only express limitations being that the amendment shall not change substantially the claim or defense of the party and shall be in furtherance of justice. (Code, § 139; Gen. Stat. 1901, § 4573.)   Courts may allow corrections of mistakes in the names of the parties, as well as of mistakes of every other kind, and parties may be permitted to add pertinent facts and insert allegations to make clear that which has not been definitely stated, or which will elucidate, strengthen or explain the averments of the original pleading.

Now, while many of the allegations of the original and amended petitions are substantially similar, changes of considerable consequence were in fact made. In respect to the lien sought to be charged on the property the original petition avers that it was based on an obligation of DeBoissiere to Sears, without stating its nature, or how it arose, while in the amended petition it is stated that the indebtedness was for services performed by Sears in the management of the DeBoissiere estate, and for moneys expended by him on the real estate for its betterment and improvement.   How far the statement that the moneys expended by Sears were for the betterment of the real estate may have gone toward stating a cause of action cannot be determined on this motion, but it appears to be a substantial change in the pleading, and evidently one the pleader thought to be material and to have some bearing on the claim which he was making.   Then in the original pleading the respective rights of DeBoissiere and Sears are said to have arisen on what is called an "arrangement," while in the amended petition it is designated as an "agreement."   In the first Sears is alleged to have been in possession of the land with the consent of DeBoissiere, while in the second it is stated

that there was an agreement which provided that Sears should have the possession and management of the estate and an interest in the rents and the profits thereof in payment of his services and the moneys expended by him; that the sums due on account of the services and expenditures made should constitute a lien on the land, and, if not repaid on the death of DeBoissiere, the land should be devised to Sears in satisfaction of his claim; and that in the meantime Sears should remain in possession of the real estate for the security of the sum due him, and for the enforcement of his lien thereon.

Some general statements and conclusions of fact were thus elaborated and made more explicit, and, as is seen, some additional facts were set forth. It is true, as defendants argue, that courts will not permit the filing of pleadings which are mere repetitions of former ones held defective on demurrer. To file such pleadings would evidence such a lack of respect for judicial authority and would so interfere with the orderly administration of justice as to warrant a court in going to the extent of striking a pleading from the files; but where, as here, the amended pleading contains some additional facts, as well as fuller and more explicit statements of those set forth in the original pleading, and where the amendments are apparently made in an honest effort to state a cause of action and meet objections previously made to the original pleading, a motion to strike from the files the amended one will not lie. The question involved was not the sufficiency of the original pleading, nor the sufficiency of the amended pleading, but whether there was such a sameness in the pleadings that the latter was not entitled to be treated as an amended petition.

Our conclusion is that the order striking the amended petition from the files and dismissing the suit must be reversed, and the cause remanded for further proceedings. It is so ordered.

All the Justices concurring.