## No. 8670.

## KING v. MILNER.

1. PLEADING—*Amendment—Repetition—Motion to Strike.* Where an amended complaint is in effect but a repetition of the one which it purports to amend, a motion to strike for that reason should be sustained.

2. *Motion to Strike Does Not Lie* where the amended pleading contains some additional facts, as well as fuller and more explicit statements of those set forth in the original pleading, and where the amendments are apparently made in an honest effort to state a cause of action and meet objections previously made to the original pleading.

3. *Ad Damnum.* Amendments increasing the ad damnum are allowable.

4. *Motion to Strike.* An amended complaint on the ground that the ad damnum has been increased should not be sustained when no answer has yet been filed by the adverse party.

5. FALSE IMPRISONMENT—*Persons Causing—Cause of Action.* Where the defendant causes plaintiff's arrest and detention in one county and his conveyance to and imprisonment in another county, and different officers participate in the detention, the plaintiff may treat the entire transaction as constituting one cause of *action against* the defendant.

6. *Venue.* The cause of action above mentioned may be deemed to arise in the county where the defendant acts in instigating the arrest, though the plaintiff is first arrested, as the result of such instigation, in another county.

7. ACTIONS—*Joinder.* Causes of action for false imprisonment and malicious prosecution may be joined in the same action.

Syllabus by Allen, J.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. HORACE G. BENSON and Mr. ARTHUR L. WESSELS, for plaintiff in error.

Mr. J. K. BOZARD and Messrs. MORRISON & DESOTO, for defendant in error.

ALLEN J.

THE original complaint of the plaintiff contained two counts. The first count, in substance, alleged that the de-

fendant "did seize or cause to be seized" the plaintiff in Moffat county, and conveyed to and imprisoned in Routt county, all without right or authority so to do. The second count sets up a cause of action for malicious prosecution.

The defendant filed a demurrer to the original complaint. The court sustained the demurrer as to several of its grounds, and subsequently ordered "that the said plaintiff have time and until 20 days from the date hereof in which to amend his complaint."

The plaintiff in due time then filed his first amended complaint, and the same is in such form as fairly to indicate that the plaintiff intended thereby to overcome the objections raised by the demurrer to the original complaint, as those objections are represented in the several grounds of the demurrer as to which it was sustained. One of these grounds was predicated upon alleged ambiguity in the complaint, and the first amended complaint, being full and specific as to the alleged facts relied on, removed to a great extent the ambiguity, if any there was. Another of such grounds of the demurrer was that in the first count a cause of action, the place of trial of which is in Moffat county, is improperly joined with a cause of action the place of trial of which is Routt county. Evidently with the intention of meeting this objection, the first amended complaint was made to consist of five counts; the first count relating to plaintiff's arrest by a town marshal in Moffat county; the second relating to his detention by the sheriff of Moffat county; the third relating to his detention by the under-sheriff of Routt county; and the fourth concerning plaintiff's imprisonment in Routt county by the jailer. The fifth count was one for malicious prosecution.

The first amended complaint was stricken from the files, the reasons therefor not clearly appearing in the record, and the plaintiff was given leave to amend "in accordance with the previous order of the court."

A second amended complaint was filed, containing two causes of action, each in a separate count. The first count was based upon the same facts, practically, as appear in the first four counts of the first amended complaint, including

those that are alleged in the first count of the original complaint. The second count contains a cause of action for malicious prosecution. The recovery of damages prayed for is much greater than the relief demanded in the original complaint.

The defendant moved to strike the second amended complaint from the files. The motion alleged numerous grounds, and was sustained by the court as to several of such grounds, which may be summarized as follows:

1. That the second amended complaint contains a misjoinder of causes of action, and the same misjoinder that was held to be contained in the original complaint, and that therefore the previous order of the court as to amending was disregarded by the plaintiff.

2. That the second amended complaint is a departure from the original complaint in that it asks for other, further and different relief than that asked in the original complaint.

The plaintiff elected to stand upon the second amended complaint, whereupon the court dismissed the action and rendered judgment in favor of defendant.

The principal error assigned is based upon the trial court's sustaining defendant's motion to strike the second amended complaint.

The defendant in error calls our attention to two rules of pleading and practice. The first of these is with reference to waiving error, committed by a trial court in sustaining a demurrer, by pleading over. The alleged error now under consideration does not involve this rule, and the same, therefore, need not be examined. The second rule, and the one chiefly relied on by defendant in error, is that which concerns striking amended pleadings. Of this rule, it was said in *Enright v. Midland Co.*, 33 Colo. 341, 80 Pac. 1041, as follows:

"The right to amend a complaint when leave is granted for that purpose, does not contemplate that the averments of the original shall be practically restated. When an amended complaint is, in effect, but a repetition of the one

which it purports to amend, a motion to strike for that reason is well taken."

Both of the rules above mentioned are followed and applied quite universally, but generally under circumstances where their application does not work an injustice. In the case of *Watkins v. Iowa Cent. Ry. Co.*, 123 Iowa 390, 98 N. W. 910, the opinion states, and proceeds throughout upon the theory that, "these rules must not be so construed as to prevent a party from presenting his cause of action or defense to this court on appeal * * * Our rules of procedure are not intended as a trap to catch the unwary."

The rule with reference to striking amended pleadings should not be unduly extended. From what has been said with reference to the contents of the pleadings in the case at bar, it appears that the second amended complaint was not a mere repetition of the original complaint. We believe that under the facts and circumstances of this case we can adopt the following paragraph from the opinion in *Grand Lodge I. O. O. F. v. Troutman*, 73 Kan. 35, 84 Pac. 567:

"It is true, as defendants argue, that courts will not permit the filing of pleadings which are mere repetitions of former ones, held defective on demurrer. To do so would evidence such a lack of respect for judicial authority and would so interfere with the orderly administration of justice as to warrant the court in going to the extent of striking out a pleading, but where, as here, the amended pleading contains some additional facts, as well as fuller and more explicit statements of those set forth in the original pleading, and where the amendments are apparently made in an honest effort to state a cause of action, and meet objections previously made to the original pleading, a motion to strike out the amended one will not lie."

In the case at bar the plaintiff amended in compliance with the rules stated in *Rockwell v. Holcomb*, 3 Colo. App. 1, 31 Pac. 944, as follows:

"The right to amend a complaint, even after leave granted by the court, is limited to an accurate and correct expres-

sion in legal form of a cause of action which has theretofore been inaccurately or insufficiently expressed. *Givens v. Wheeler,* 6 Colo. 149."

The second amended complaint, with fuller and more explicit statements, sets up the same causes of action as were intended, apparently, to be alleged in the original complaint. The theory of the trial court in sustaining a demurrer to the original complaint is not clearly evident from the demurrer itself or from the record, and this fact lends some corroboration to plaintiff's statement, in his brief, that "counsel for plaintiff (plaintiff in error) did not understand the court as the court intended it should be understood." The record when aided by the briefs filed on each side, fairly discloses that the trial court sustained the demurrer to the original complaint upon the theory that the complaint joined causes of action requiring different places of trial, because the first count alleged plaintiff's seizure in Moffat county, and his conveyance to and imprisonment in Routt county. The trial court, and the defendant in error, each evidently proceeded upon the theory that two torts are involved in the first count of the original complaint, and also the first count of the second amended complaint. This theory is erroneous, and so far as misjoinder of causes of action is concerned, there was none, and the original complaint was good. It follows that the second amended complaint is also good, and being so, the plaintiff ought to be permitted to have the action tried on its merits.

The first count in the second amended complaint contains a cause of action against the defendant for false imprisonment, and complains of but one tort. According to its allegations the plaintiff was unlawfully detained but once, at the direction of the defendant, and it is immaterial, so far as the defendant is concerned, how many officers took part in the detention and imprisonment, or to how many places, and where, the plaintiff was conveyed against his will. Plaintiff has chosen to regard the acts of the defendant, as such acts are mentioned in the first count, as constituting but one tort, and they should be so con-

sidered in this case. So far as the authorities seem to go, they sustain this view.

In *Tupper v. Moein,* 25 Abb. N. Cas. 398, 12 N. Y. Supp. 310, the plaintiff was arrested in Canada and conveyed into the state of New York. In *Mitchell v. Ripy,* 82 Ky. 516, the plaintiff was seized and confined in Marion county, and the false imprisonment was continued by taking plaintiff to Anderson county. In the case of *Wolf v. Perryman,* 82 Tex. 112, 17 S. W. 772, the plaintiff was arrested and imprisoned three days in B. county by its sheriff, and was then taken to T. county and there detained. In all these cases the circumstances in each were regarded and treated as but one tort. We are aware of no case where a different view was taken.

It is not necessary to determine, in this case, whether the cause of action for false imprisonment arose in Routt county or in Moffat county. As there is but one tort of this kind complained of, the demurrer based on a different theory should have been overruled as to that ground.

The second count of the second amended complaint sets up a cause of action for malicious prosecution, and there does not appear to be any contention made that it is not sufficient. It was properly joined in the same complaint with the first count. As injuries to the person, false imprisonment and malicious prosecution may be joined. *Section* 76, *Code* of 1908; 23 *Cyc.* 409.

Inasmuch as further proceedings may be taken in this case which may raise the question as to misjoinder of causes of action, because of the place of trial of each, it may be proper to suggest that each of the two causes of action are triable in Routt county. The alleged malicious prosecution was committed in that county. As to the false imprisonment, while the plaintiff was first arrested and detained in Moffat county, yet, since it is alleged that the defendant instigated the arrest, if the instigation is shown to have been committed in Routt county the cause of action may be deemed to have arisen in that county. *Tupper v. Moein, supra.*

It was error to strike the second amended complaint

on account of any change made in the prayer for relief. (See *Holt County v. Cannon,* 114 Mo. 514, 21 S. W. 851.) The court in sustaining the motion to strike, in addition to adopting the reasons alleged in the motion, as hereinbefore indicated, held that "said complaint cannot in an action of this kind be amended so as to increase the *ad damnum* thereof."

The amendment increasing the damages claimed was clearly not a *departure* as it was taken to be in the motion to strike. Such amendment did not affect the cause or causes of action relied on and set up in the original complaint, nor did it constitute a new cause of action. In *R. R. Co. v. Cahill,* 8 Colo. App. 164, 45 Pac. 287, it was said that "a departure is an abandonment of the cause of action as stated, in some essential particular, and the substitution of something materially different." Amendments increasing the damages in the prayer for relief do not set up a new cause of action. 31 *Cyc.* 440. The prayer for relief forms no part of the statement of the cause of action. *Id.* 110. Amendments increasing the *ad damnum* are allowable. *Good v. Martin,* 1 Colo. 406. They may be made even as late as the time of trial. 31 Cyc. 441. We are aware of no case where these rules are held not to be applicable in an action of this kind. The trial court should have permitted the amendment, in view of the circumstances of the case. The change in the *ad damnum* did not affect the rights of the defendant. It was made prior to the filing or the time for filing an answer.

The trial court committed error in striking the second amended complaint and in dismissing the action. The judgment of the District Court is reversed and the cause is remanded with directions to the trial court to permit the plaintiff to file the second amended complaint.

*Reversed.*

Decision *en banc.*