Note.—See under (1) 34 Cyc. p. 1469; 23 R. C. L. p. 925; 3 R. C. L. Supp. p. 1337. (2) 22 C. J. 126, §65; p. 1147, §83; 32 Cyc. p. 678; anno, 20 A. L. R. 1481; 22 R. C. L. p. 79; 3 R. C. L. Supp. p. 1232; 5 R. C. L. Supp. p. 1194. (3) 22 C. J. pp. 580, 581, §682; pp. 583, 585 (Anno), §684; p. 728, §823. (4) 12 C. J. p. 495, §10. (5) 4 C. J. p. 1029, §3013; 38 Cyc. pp. 1778, 1779; 2 R. C. L. p. 257; 1 R. C. L. Supp. p. 481; 4 R. C. L. Supp. p. 99; 5 R. C. L. Supp. p. 89. (6) 3 C. J. p. 867, §765; 34 Cyc. p. 1535 (7) 34 Cyc. p. 1530.

---

**QUINCY SHOWCASE WORKS v. BRISCOE et al.**

No. 15821.    Opinion Filed June 21, 1927.

Rehearing Denied Sept. 13, 1927.

(Syllabus.)

1. **Pleading—Petition—Error to Sustain Motion to Strike Material Portions.**

It is error for the court to sustain a motion to strike out certain portions of a petition where the matter complained of is germane or material to the cause of action.

2. **Same—Error in Striking Amended Petition.**

It is error for the court to sustain a motion to strike from the files an amended petition on the ground of reiteration of matter previously stricken where the amended petition contains additional germane or material allegations, as well as a fuller or more explicit statement of facts set forth in the original pleading and where the amendments are apparently made in an honest effort to state a cause of action and meet such objections previously made to the stricken pleading.·

3. **Contracts—Reasonable Time for Performance When Contract Silent.**

Where the time for the performance of an act is not fixed in a written contract, the law implies that the performance will be had within a reasonable time.

4. **Appeal and Error—Review—Record.**

Errors apparent upon the judgment roll or record of the cause may properly be presented for review by the Supreme Court by transcript of the record.

5. **Dismissal—Statutory Grounds.**

The trial court may dismiss plaintiff's cause of action for reasons enumerated in section 664, C. O. S. 1921.

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Quincy Showcase Works against L. Jay Briscoe and Cora E. Briscoe, to recover $1,788.27 and interest. Action dismissed. Plaintiff brings error. Reversed and remanded.

H. P. White, for plaintiff in error.

Holcombe & Lohman, for defendants in error.

TEEHEE, C. This appeal presents a question of pleading. In order to have a proper understanding of the matter involved, it is necessary to set forth the record requisite for that purpose.

In the trial court the parties appeared as they appear here. Plaintiff's action against the defendant, filed on January 4, 1924, is based on a conditional sales contract, and is for a balance alleged to be due thereunder. The petition, omitting the caption, is as follows:

"Comes now the above named plaintiff, by H. P. White, its attorney, and for its cause of action against the defendants L. Jay Briscoe and Cora E. Briscoe, alleges and states:

"That on the 16th day of April, 1921, the defendants L. Jay Briscoe and Cora E. Briscoe, for a good and valuable consideration made, executed, and delivered to the plain-

tiff, the Quincy Showcase Works, their promissory note and title-retaining contract, whereby the said defendants agreed to pay the plaintiff, the Quincy Showcase Works, at its office in Quincy, Ill., the sum of $6,550, in full for new store furniture and two jewelry cases installed in store at Pawhuska, Okla., $1,800 to be paid at the time of execution of said note and contract, $3,000 cash to be paid on installation of said new store furniture and jewelry cases, and balance of $2,050, time to be extended to date of sale of old fixtures, a copy of which said promissory note and title-retaining contract is hereto attached marked 'Exhibit A' and made a part of this petition; that no part of said indebtedness evidenced by said note and title-retaining contract has been paid, except the sum of $5,315, for which due credit has been given; that there remains due and payable on said note and title-retaining contract the sum of $1,535 for and together with interest thereon at the rate of 6 per cent. per annum from April 16, 1921, computed to January 16, 1924, amounting to $253.27, making a total of $1,788.27.'

"Plaintiff further alleges and states that said note and contract provides: 'This contract states the entire agreement for the purchase of said goods and is not modified by any verbal agreement. It is subject to the approval of the home office of the Quincy Showcase Works, and this contract shall be construed in accordance with the laws of the state of Illinois.'

"Plaintiff further alleges and states that said note and title-retaining contract were approved by it at its home office in Quincy, Ill., and that it delivered and installed in the storeroom of the defendants in Pawhuska, Okla., the new furniture, fixtures, cases, including two jewelry cases, specified in said note and title-retaining contract marked 'Exhibit A' aforesaid, and has performed all the conditions of said note and title-retaining contract on its part to be performed.

"Plaintiff further alleges and states that by the provision in said note and title-retaining contract, '$2,050, time to be extended to date of sale of old fixtures,' it was intended by the parties of said note and title-retaining contract to give the defendants herein a reasonable time after the installation of the new furniture, fixtures, cases, and jewelry cases, specified as aforesaid in said note and title-retaining contract. within which to pay the said balance of $2,050; that said new furniture, fixtures, and cases, specified as aforesaid, have been installed in the store of the defendant at Pawhuska, Okla., for more than two and one-half years; that during that time and since the installation of said new furniture and fixtures, that defendants have had many opportunities to sell their old fixtures, but have neglected and refused to sell same within a reasonable time, and that a reasonable time to do so

has expired, by reason whereof said balance in the sum of $1,788.27 is now due and payable and defendants refuse to pay same.

"Plaintiff further alleges that said note and title-retaining contract provides. that the use of the property described therein, or any portion thereof, for a period of five days, constitutes an acceptance of the same as complying with all the terms and specifications of said note and title-retaining contract, and all claims for damage, errors of shortage, not filed within that time, are waived, that the defendants accepted and have used said new furniture, fixtures, and jewelry cases for more than two and one-half years, and are now using same in their store building in the conduct of their business in Pawhuska, Okla.

"Wherefore, plaintiff prays judgment against said defendants L. Jay Briscoe and Cora E. Briscoe for the sum of $1,788.27, and interest thereon at the rate of 6 per cent. per annum from the 16th day of January, 1924, until paid, and for costs and all other proper relief." (Emphasis ours.)

The court, upon motion of defendant, struck out of the first two clauses of the emphasized part of the petition—

"For the reason that the same attempts to vary and contradict by parol the plain and unambiguous terms of a written contract, and is therefore in violation of law, incompetent, irrelevant, and redundant matter, and prejudicial to the right of the defendants,"

—and the remainder of the emphasized pleading—

"For the reason that the same attempts by parol to change the terms of a written contract, and it is not alleged that the defendants at any time could have sold the old fixtures referred to in the petition of plaintiff at the fair and reasonable market value, and the same is incompetent, irrelevant, and redundant matter, and fails to state any facts constituting a cause of action in favor of the plaintiff and against the defendants."

The court further ordered that the plaintiff have ten days within which to file an amended petition. The plaintiff was not present at the time of the order. By leave of the court, an amended petition was filed out of time. This was identical in form with the original petition except that the stricken portion was modified as follows:

"Plaintiff further alleges and states that by the provision in said note and title-retaining contract, '$2,050 time to be extended to date of sale of old fixtures,' the parties hereto entered into an implied contract, whereby it was agreed and intended by the parties to said note and title-retaining contract that

the defendants herein have a reasonable time after the installation of the new furniture, fixtures, cases, and jewelry cases specified . as aforesaid in said note and title-retaining contract, within which to pay the said balance of $2,050; that said new furniture, fixtures, and cases, specified as aforesaid, have been installed in the store of the defendants at Pawhuska, Okla., for more than two and one-half years; that during that, time and since the installation of said new furniture and fixtures, that defendants have had many opportunities to sell their old fixtures, but have neglected and refused to sell same within a reasonable time, and that a reasonable time so to do has expired, by reason whereof the said balance in the sum of $1,788 27 is now due and payable and defendants refuse to pay same." (Emphasis ours to show modification.)

And it was further alleged:

"Plaintiff further alleges that said note and title-retaining contract provides that: 'In the default of any payment you or your agents are authorized to take possession of and remove such furniture . without legal process wherever they may be.' That default in payment of balance of $1,788.27 has been made by defendants by reason whereof the plaintiff is entitled to possession of the store furniture, fixtures, cases including two jewelry cases specified in said note and title-retaining contract marked 'Exhibit A', as aforesaid, thereby entitled to remove same from the store and premises of the defendants." ⟨

Relief was prayed in the alternative as follows:

"Wherefore, plaintiff prays judgment against said defendants L. Jay Briscoe and Cora E. Briscoe, for the sum of $1,788.27, and interest thereon at the rate of 6 per cent. per annum from the 16th day of January, 1924. until paid, and for costs, or for a judgment against said defendants and each of them for possession of said store furniture, fixtures, cases, including two jewelry cases. and right and authority to remove the same from the store building and premises of the defendants, and all other proper relief."

Upon defendants' motion the amended petition was stricken from the files for the reasons as will be noted in the order and judgment hereinbefore set out. Plaintiff refused to further plead, and elected to stand on its amended petition, whereupon the court on motion of the defendants dismissed the action, to all of which the plaintiff excepted, the journal entry of the order and judgment of the court, omitting the caption, being as follows:

"This cause comes on for hearing in the district court of Osage county, Okla., July 7, 1924, upon the motion to strike from the files and eliminate from the records the petition of the plaintiff and to dismiss its action. The plaintiff is present by its attorney, H. P. White, and the defendants are present by their attorneys, Leahy, Macdonald, Holcombe, Lohman & Files. After argument of counsel and being fully advised in the premises, the court finds:

"That on April 8, 1924, this court made and entered its order upon the motion of the defendants striking from the petition of the plaintiff all of lines 1 to 8, inclusive, in paragraph 2 on page 2 of plaintiff's petition reading as follows, to wit: 'Plaintiff further alleges and states that by the provision in said note and title-retaining contract "$2,-050 time to be extended to date of sale of old fixtures," it was intended by the parties to said note and title-retaining contract to give the defendants herein a reasonable time after the installation of the new furniture, fixtures, cases and jewelry cases specified as aforesaid in said note and title-retaining contract, within which to pay the said balance of $2,050; that said new furniture, fixtures, and cases, specified as aforesaid, have been installed in the store of the defendants at Pawhuska, Okla., for more than two and one-half years; for the reason that the same attempts to vary and contradict by parol the plain and unambiguous terms of a written contract. A copy of which is attached to the original petition on file herein, and is therefore in violation of the law, incompetent, irrelevant, and redundant matter, and prejudicial to the rights of the defendants.

"And by said judgment it was further ordered and adjudged that all of lines 9 to 13, both inclusive of said paragraph 2 reading as follows, to wit: 'That during that time and since the installation of said new furniture and fixtures. that defendants have had many opportunities to sell their old fixtures, but have neglected and refused to sell same within a reasonable time, and that a reasonable time so to do has expired, by reason whereof said balance in the sum of $1,788.27 is now due and payable and defendants refuse to pay same,' be stricken from the petition of the plaintiff for the reason that the same attempts by parol to change the terms of a written contract exhibited in plaintiff's petition, and it is not alleged that the defendants at any time could have sold the old fixtures referred to in the petition of the plaintiff at the fair and reasonable market value of the same, and that said matter is incompetent, irrelevant, and redundant matter, and fails to state any facts constituting a cause of action in favor of plaintiff and against the defendants.

"And it was further ordered that the plaintiff have ten days from the date of said order and judgment to amend its petition, and pursuant thereto plaintiff filed a purported amended petition which in substance reiterates and re-incorporates the foregoing

matter which was stricken from the original petition, and therefore fails to comply with the judgment and order of the court, and is in violation thereof.

"It is, therefore, considered, ordered, and adjudged by the court, that the purported amended petition of the plaintiff herein be and the same hereby is stricken from the files and eliminated from the records.

"Whereupon the plaintiff announces in open court that he refuses to plead further, and that he will stand upon his petition as amended. The defendants thereupon move the court to enter its order dismissing the plaintiff's action.

"It is therefore, considered, ordered, and adjudged by the court, that the action of the plaintiff be, and the same hereby is dismissed. To all of which order and judgment plaintiff excepts and its exception is allowed.

"The plaintiff thereupon gives notice in open court of its intention to appeal to the Supreme Court of the state of Oklahoma, and requests the clerk to enter the same upon the trial docket of the court, as required by law, which is accordingly done. Plaintiff asks and is granted 60 days from this date in which to make and serve a case-made on appeal to the Supreme Court and the defendants are given 20 days thereafter in which to suggest amendments, said case-made to be settled and signed by the judge of this court on 3 days' notice in writing by either party."

Plaintiff complains of the action of the trial court under three assignments: First, that the court erred in dismissing the action. Second, that the court erred in striking from the files its amended petition. Third, that the court erred in striking certain parts of its original petition. These being related in character they may properly be considered together and are thus treated. Preliminary hereto defendants' motion to dismiss this appeal requires our consideration.

As indicated by the order and judgment, counsel for plaintiff requested time in open court to prepare a case-made, but, instead, of so bringing the case to this court, elected to appeal on what counsel termed a "bill of exceptions and transcript of record," and certified to by the court clerk as a full, true and complete transcript of the record of the case as it appeared on file and of record in his office.

The record thus prepared was approved by the trial judge and filed with the court clerk, withdrawn, and with plaintiff's petition in error filed in this court on October 7, 1924, within the limitations for lodgment of an appeal. Upon motion of the defendants, the record on appeal on October 20, 1925, was withdrawn for correction, and upon their motion in the trial court on March 6, 1926, defendants sought to have the court clerk's certificate stricken on the ground that such record was not a transcript. This was by the trial court refused, whereupon plaintiff was permitted to offer by way of profert as an amendment to the record under the court clerk's certificate a complete duplicate of the record originally filed, and as thus supplemented the same was refiled in the appellate court.

The action of plaintiff in changing his method of appeal was, on July 7, 1926, made a ground for a motion by defendants to dismiss the appeal, in that the proceedings had were insufficient to confer jurisdiction upon this court. The matter was fully presented by the parties upon briefs. On September 21, 1926, this motion was by this court denied, and defendants required to brief the case on its merits within 30 days. This in effect determined that the appeal was pending on transcript. The plaintiff had the right to thus perfect its appeal. Chicago, R. I. & P. Ry. Co. v. Reese, 26 Okla. 613, 110 Pac. 1071.

As may be permitted, defendants renew their motion to dismiss and re-present their argument in support thereof. We regard this phase of the case settled by the order of this court hereinbefore made, and therefore consider the appeal on its merits. Thacker v. Ross, 105 Okla. 99, 231 Pac. 1060.

At the threshold we are met with the contentions of the defendants: First, that the record presents nothing for review by this court, and second, that there is no error in the record. Much of the argument in support of the first proposition has in effect been answered by the order of this court denying the motion to dismiss the appeal heretofore referred to, and thus the two contentions may be resolved into one as challenging the sufficiency of the record to present the errors complained of, since these involved motions and rulings thereon, which defendants contend cannot be presented by transcript unless they were made a part of the record by a proper bill of exceptions. Unless the order and judgment of the trial court dismissing the action may be considered as a part of the judgment roll or record of the cause, then the contention of defendants must be sustained.

It is well established that the petition, process, return, pleadings subsequent thereto, reports, orders, verdict, and judgment constitute the judgment roll, and that a transcript thereof, when filed in this court with

a petition in error, will confer jurisdiction upon the Supreme Court to review any errors apparent on the face thereof. The rulings of the court now complained against, and the grounds upon which the order and judgment of dismissal was based, as noted, are set out in detail in the final order and judgment, and are thus a part of the judgment roll or record of the cause. It necessarily follows that the errors complained of are apparent upon the judgment roll and are properly before this court for review. Mitchell v. White, 106 Okla. 218, 233 Pac. 746. And thus it remains to be determined whether or not the court committed error to the prejudice of the substantial rights of the plaintiff.

As noted from the pleadings, the contract whereon the action is based was silent as to the time when defendants should dispose of the old fixtures. As a legal proposition, under the terms of the contract, the debt was due with payment postponed to the date of sale. In this class of cases, where there is no time of performance fixed in the contract as here, the law implies that performance will be had within a reasonable time. Section 5060, O. O. S. 1921; Garland v. Hunter, 77 Okla. 201, 187 Pac. 466; Akers et al. v. Brooks, 103 Okla. 98, 229 Pac. 544; Crooker v. Holmes, 65 Me. 195. The relevant part of section 5060, supra, is as follows:

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. * * *"

In Akers v. Brooks, supra, the court quoted approvingly from Ullsperger v. Myer (Ill.) 75 N. E. 482, this language:

"It is insisted that there is no time specified for the completion of the contract, and that therefore the contract is not complete. Under such a contract the law would imply that it was to be performed within a reasonable time after entering into the same, and what would be a reasonable time would be a matter of proof under all the conditions and circumstances that might surround the case"

—and held in the matter involved the time of payment was supplied by said section 5060.

The contract here involved provides that it "shall be construed in accordance with the laws of the state of Illinois." Unless properly made a part of the case, it is the presumption that such laws are the same as in this state. From the quoted case the rule here fixed by statute controls in that state. Indeed this is the general rule. 6 R. C. L. 896, par. 283.

In Crooker v. Holmes, supra, the court, in paragraph 3 of the syllabus, said:

"Where the maker of a note promises to pay a certain sum when he shall sell the place he lives on, the debt is absolute, though its payment may be postponed; it is the duty of the maker to sell within a reasonable time, that he may discharge his indebtedness; he cannot avoid liability by putting it out of his power to perform his contract."

In the stricken pleading, plaintiff undertook, perhaps not in the plainest terms, to present the basis of its action in that it rested on an implied contract arising by virtue of the silence of the written contract otherwise pleaded. Under the statute and the foregoing authorities, the matter stricken was both germane and material, and, therefore, it must logically follow that the act of elimination thereof was error. Berry et al. v. Geiser Manufacturing Co., 15 Okla. 364, 85 Pac. 699; Atkinson v. Wabash Railroad Co., 143 Ind. 501, 41 N. E. 947. In Berry v. Geiser Manufacturing Company, there was involved a motion to strike certain portions of the petition as here. The motion was sustained and this was ground of reversal. In paragraph 1 of the syllabus, the court said:

"It is error for the court to sustain a motion to strike out certain portions of a petition unless such parts are statements of matter foreign to the cause and raise no issue proper to be raised in the case, and unless such motion is made by the party prejudiced thereby."

In the body of the opinion, referring to the stricken pleading, the court employed language applicable here, when it said:

"This it seems to us was a plain, simple statement of fact, and a statement of fact which, if true, would entitle the plaintiff to recover, and we do not think that a party to an action can be prejudiced by a statement of fact upon which the action of the other party rests, and for this reason we think it was error on the part of the district court to strike out those portions of the petition."

In Atkinson v. Wabash Railroad Company, supra, the rule is stated as follows:

"It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do they are not irrelevant and ought not to be suppressed."

In the attempt to comply with the order of the court, plaintiff, in its amended petition, modified the stricken paragraph of his

pleading, in that it set forth an implied contract in explicit terms that the old fixtures were to be disposed of within a reasonable time, and incorporated an additional allegation in support of its theory of right of recovery. In these circumstances the principles underlying the cases of King v. Milner, 63 Colo. 405, 167 Pac. 957, and Grand Lodge v. Troutman, 73 Kan. 35, 84 Pac. 567, are here applicable.

In King v. Milner, a demurrer was sustained to the original complaint, and an amended complaint was on motion stricken from the files, the reasons not clearly appearing in the record. The plaintiff was given leave to amend "in accordance with the previous order of the court." The second amended complaint was based on facts practically as were contained in both the original and first amended complaints. On motion of the defendant, the second amended complaint was stricken from the files on the grounds that the order of the court permitting amendment was disregarded and that there was a departure from the original complaint in that further and different relief was sought. Plaintiff elected to stand on his second amended complaint whereupon the court dismissed the action and rendered judgment for the defendant. It was held that the trial court committed error and the cause was reversed and remanded with instructions to permit plaintiff to file the second amended complaint. In that case the rule was laid down as follows:

"Motion to strike does not lie where the amended pleading contains some additional facts, as well as fuller and more explicit statements of those set forth in the original pleading, and where the amendments are apparently made in an honest effort to state a cause of action and meet objections previously made to the original pleading."

Grand Lodge v. Troutman, supra, in which the circumstances were similar to King v. Milner, furnished the rule laid down in the Colorado case. There the amended petition was stricken from the files and the action dismissed. The cause was reversed. In paragraph 2 of the syllabus, the court said:

"Such a motion may be used to eliminate an amended pleading which is a mere repetition of one held defective on demurrer, but where leave has been granted to amend a petition, and an amendment is made which sets forth additional facts, as well as a fuller and more explicit statement of the facts alleged in the original petition, and the amendment is apparently made in a bona fide effort to state a cause of action and meet the objections made to the original petition, a motion to strike the amended peti-

tion from the files because of sameness to the original petition will not lie."

As noted, in the matter here involved, the paragraph reinserted in the amended petition made clearer and plainer the theory of plaintiff's cause of action upon the basis of the implied contract, and that its right of recovery was further supported by the additional paragraph. Under the rule laid down in the foregoing cases, which is in harmony with the spirit of section 318, C. O. S. 1921, relating to amendments, it was error for the trial court to strike the amended petition from the files, and, the plaintiff refusing to plead further, to dismiss the action, unless the dismissal may otherwise be justified.

In this state the authority of the trial court to dismiss an action is granted by statute. The grounds are enumerated in section 664, C. O. S. 1921. This provision is as follows:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

"Second. By the court, where the plaintiff fails to appear on the trial.

"Third. By the court, for the want of necessary parties.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"Sixth. In all other cases, upon the trial of the action, the decision must be upon the merits."

In McBride v. Cowan, 80 Okla. 72, 194 Pac. 208, plaintiff filed a motion for continuance on the ground that the clerk of the court failed to send notice of the setting of the case to the proper address, and for that reason the same was not received in time to enable the plaintiff to go to trial. The court overruled the motion and dismissed the petition at his costs. It did not appear in the record of the cause that the action of the trial court could be sustained upon any of the grounds enumerated in the statute, whereupon the case was reversed, with instructions to reinstate plaintiff's cause of action.

The record in the cause at bar shows that the order of dismissal was made on the motion of the defendants. The action of the court must therefore rest on the fourth sub-

division of said section 664. The record does not show that it was on the ground that "there are others, whom the plaintiff fails to prosecute with diligence." The grounds upon which the order and judgment of dismissal was based having been made a part of the judgment of the trial court, we cannot assume that the court may have acted upon other or different grounds. Goodwin et al. v. Bickford, 20 Okla. 91, 93 Pac. 548; Holland v. Great Northern Railroad Co., 93 Minn. 373, 101 N. W. 608. It therefore follows that the action of the trial court in striking from the files plaintiff's amended petition and dismissing the case was prejudicial to the substantial rights of the plaintiff.

Accordingly, the order and judgment of the district court is reversed, and the cause remanded with instructions to reinstate the case upon the amended petition, and for such further proceedings therein as may not be inconsistent with the views herein expressed.

BENNETT, MONK, LEACH, and DIFFENDAFFER, Commissioners, concur. RIED C., absent.

By the Court: It is so ordered.