Burns v. State ex rel. Neal,
Bank Com'r.

*99 P. 2d 122.*

No. 29267. Feb. 13, 1940.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

PER CURIAM. This appeal is from a judgment which was rendered on the pleadings after a motion to strike certain portions of an amended answer had been sustained.

The action was brought to enforce payment on an alleged balance due on the stockholders' liability of the plaintiff in error as a stockholder in the Bank of Hillsdale. The petition alleged an original liability of $1,200 and averred that the sum of $244.23 and no more had been paid thereon and prayed judgment for the balance of $955.77 with interest thereon at the rate of 6 per cent. per annum from October 12, 1932. The amended answer, in addition to a general denial, pleaded a lack of necessary conditions requisite to the maintenance of the action, and further that the liability, if it had existed, had been discharged by payment to a former Bank Commissioner of the sum of $300 in cash, the transfer of choses in action in the sum of $497.39, and the balance by services rendered.

The trial court sustained a motion to strike as redundant, irrelevant, and immaterial all of the defenses thus pleaded, with the exception of the general denial, and thereupon proceeded to render judgment in favor of the defendant in error upon the pleadings.

The material and decisive question here presented is, Did the trial court err when it sustained the motion to strike the aforesaid portions of the amended answer of the plaintiff in error and proceeded to render judgment on the pleadings? We are of the opinion that it did.

Since the petition admitted the payment of $244.23, and the amended answer pleaded payment in cash of the sum of $300, there was thus presented an issue with respect to the amount which plaintiff in error should be required to pay, irrespective of whether the further allegations in the amended answer were proper or not. We are of the opinion, however, that the plea of payment by transfer of choses in action in the amount of $497.39 was sufficient to raise an additional issue of fact upon which the plaintiff in error was entitled to offer proof; and that, in the event the proof was sufficient to show that the moneys represented by such choses in action had been actually received by the Bank Commissioner, then to constitute a good defense of payment pro tanto, hence it follows that so much of the amended answer as has been above discussed was germane and material to the defense which the plaintiff in error sought to interpose to the action, and it was error to strike the same. Quincy Showcase Works v. Briscoe, 126 Okla. 144, 259 P. 128.

Since the amended answer of the plaintiff in error, without the elision of the portions thereof above discussed, was sufficient to raise a material issue of fact, a judgment on the pleadings was

548

improper. See Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Good v. First National Bank of Roff, 88 Okla. 110, 211 P. 1051.

In view of the conclusion thus reached, we find it unnecessary to discuss the contentions of the defendant in error relative to the powers and duties of the Bank Commissioner, or to analyze the cases cited which deal therewith. Under the record before us, they have no application to the material and decisive point involved.

The judgment is reversed and remanded, with directions to the trial court to proceed in accordance with the views herein expressed.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.